UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-159 (WMW/TNL)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SHAMIR NATHANN BLACK,

        Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and defendant Shamir Nathann Black (hereinafter referred to as the "defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the Government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** In exchange for the concessions of the United States contained in this plea agreement, the defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with Carjacking, in violation of 18 U.S.C. § 2119(1). The defendant fully understands the nature and elements of the crime with which he has been charged. The United States agrees that it will not bring other charges against the defendant based on facts learned in the investigation of the defendant's conduct that are known to the United States as of the date of this plea agreement. At the time of sentencing, the United States agrees to move to dismiss the remaining count of the Indictment.

1

2.      **Factual Basis.** The defendant is pleading guilty because he is in fact guilty of Count One of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On June 9, 2022, in the State and District of Minnesota, the defendant attempted to take and did take a motor vehicle from the presence of another person by force and violence, and by intimidation, with the intent to cause death or serious bodily injury.

*June 9, 2022 Carjacking*

Specifically, that afternoon, the defendant approached a woman with the initials M.T. from behind as she was attempting to enter her car, a gray 2018 Audi S6, after work in northeast Minneapolis. The defendant demanded that M.T. give him the keys to her car, but M.T. refused. When M.T. refused, the defendant pulled a loaded firearm, a Shadow System Model MR-920 9mm semiautomatic pistol bearing serial number SSC025451, from his pocket and pushed M.T. to the ground. The defendant attempted to grab M.T.'s purse from across her shoulder and continued to pin her on the ground while doing so. When M.T. refused to hand over her purse, the defendant cocked the loaded firearm and pointed it at M.T. before hitting her across the face with it.

After the defendant hit M.T. with the loaded firearm, a man with the initials D.A. approached M.T. and the defendant as the two struggled on the ground. As D.A.

tried to pull the defendant off M.T., the defendant discharged the firearm in D.A.'s direction.

The defendant was able to enter the Audi from the driver's side door and started the car by pushing the ignition button. The defendant then shifted the gearshift into drive and drove the vehicle forward a few feet until it struck a nearby building. The defendant was then pulled from the car by onlookers, fled the scene, and hid the handgun in the bushes at a nearby park.

Law enforcement responded to the scene and collected DNA samples and latent fingerprints from the Audi. Multiple latent prints recovered from the Audi's gearshift belonged to the defendant. A police K9 also located the Shadow Systems handgun in the nearby park, wrapped in the sweatshirt the defendant had been wearing.

The defendant agrees that the Audi was transported, shipped, or received in interstate or foreign commerce. The defendant agrees that he used force, violence, and intimidation with the intent to cause serious bodily harm in his attempt to obtain the vehicle from M.T., and that the defendant did, in fact, cause M.T. to suffer bodily injury. The defendant further stipulates and agrees that he acted voluntarily, and that he knew his actions violated the law.

In addition to the facts above, the defendant participated in a post-*Miranda* interview with law enforcement on June 28, 2022, and admitted the following facts which he acknowledges the Court may consider pursuant to 18 U.S.C. § 3553(a) and for purposes of calculating restitution at sentencing.

*May 16, 2022 Carjacking*

On May 16, 2022, in Golden Valley, Minnesota, the defendant approached a man with the initials J.A. as J.A. was entering his 2014 black BMW 335i outside the Breck Ice Arena. The defendant demanded J.A.'s car keys, and J.A. tried to run away from the defendant. While running, J.A. fell and the defendant caught up to him. The defendant then racked the slide of a firearm and pressed it to J.A.'s head, demanded the car keys, and started counting down from 10. J.A. gave the defendant his keys, and the defendant fled the parking lot in J.A.'s BMW.

*May 19, 2022 Carjacking*

On May 19, 2022, in Golden Valley, Minnesota, the defendant approached J.R. as J.R. exited his 2018 black BMW 430i inside his residential garage. The defendant pulled out a firearm and demanded J.R.'s cellphone and keys. J.R. complied and the defendant left in J.R.'s BMW.

3.  **Waiver of Pretrial Motions.** The defendant understands and agrees that the defendant has certain rights to file pre-trial motions in this case. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.  **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed

4

innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences.** The defendant understands that as a result of his conviction, he could be assessed the costs of prosecution and experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

6. **Statutory Penalties.** The defendant understands that Count One of the Indictment, Carjacking, in violation of 18 U.S.C. § 2119(1), is a felony offense that carries the following statutory penalties:

    a.    a maximum of 15 years in prison;

    b.    a supervised release term of not more than 3 years;

  c. a maximum fine of $250,000;

  d. restitution as agreed to by the parties in this agreement;

  e. assessment to the defendant of the costs of prosecution as authorized in 28 U.S.C. §§ 1918(b) and 1920;

  f. a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A); and

  g. the possible loss of eligibility for federal benefits pursuant to 21 U.S.C. § 862(a)(1).

7. **Revocation of Supervised Release.** The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

8. **Guidelines Calculations.** The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting all relevant evidence to the Court at sentencing. The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following guidelines calculations. The parties stipulate to the following guidelines calculations:

a. <u>Base Offense Level</u>. The parties agree that the base offense level is **20**. U.S.S.G. § 2B3.1(a).

b. <u>Specific Offense Characteristics</u>. The parties agree that the offense level should be increased by:

   i) <u>7</u> levels because a firearm was discharged. U.S.S.G. § 2B3.1(b)(2)(A).

   ii) <u>2</u> levels because the offense involved bodily harm. U.S.S.G. § 2B3.1(b)(3)(A).

   iii) <u>2</u> levels as the victim was physically restrained to facilitate commission of the offense. U.S.S.G. § 2B3.1(b)(4)(B).

   iv) <u>2</u> levels as the offense involved carjacking. U.S.S.G. § 2B3.1(b)(5).

   v) The parties agree that no other specific offense characteristics apply.

c. <u>Chapter 3 Adjustments</u>. The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d. <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a 2-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). As the defendant has timely notified the government of his intention to enter a plea of guilty, the government agrees to recommend that the defendant receive an additional 1-level reduction pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing, including frivolously denying facts in the Presentence Report. Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for

    acceptance of responsibility or an enhancement for obstruction of justice should the defendant move to withdraw his guilty plea after it is entered.

 e. <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category III. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

 f. <u>Guidelines Range</u>. If the adjusted offense level is **30 (20+7+2+2+2-3)**, and the criminal history category is III, the Sentencing Guidelines range is **121-151 months of imprisonment**.

 g. <u>Fine Range</u>. If the adjusted offense level is 30, the Sentencing Guidelines fine range is $30,000 to $300,000. U.S.S.G. § 5E1.2(c)(3).

 h. <u>Supervised Release</u>. The Sentencing Guidelines call for a term of supervised release of at least 1 year up to a maximum supervised release term of 3 years. U.S.S.G. § 5D1.2(a)(2).

9. **Discretion of the Court.** The foregoing stipulations are binding on the parties, but do not bind the Probation Office or the Court. The parties understand that the Sentencing Guidelines are advisory, and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines range. If the

Court or the Probation Office determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Agreements as to Sentencing Recommendation.** In consideration of the concessions made in this Plea Agreement, including the anticipated dismissal of Count 2 of the Indictment, which carries a mandatory consecutive sentence of 120 months' imprisonment, the defendant agrees to recommend that he be sentenced to a term of imprisonment at the highest end of his advisory Guidelines range. The United States reserves the right to make a motion for departures from the applicable Guidelines range pursuant to 18 U.S.C. § 3553(a) and to argue for a sentence outside the applicable Guidelines range. If the Court does not accept the sentencing recommendations of the parties, the defendant will have no right to withdraw his guilty plea.

11. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to Guideline § 5E1.3. The defendant agrees to pay the special assessment prior to sentencing.

12. **Restitution Agreement.**

The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of his crime(s). The defendant agrees that he owes

restitution and agrees that the Court shall order him to pay restitution to the victims of his crime, in an amount to be determined by the parties prior to sentencing.

13.     **Disclosure of Assets.**  The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court.  The defendant agrees to complete a financial statement within two weeks of the entry of his guilty plea.  The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate his ability to satisfy financial obligations imposed by the Court.  If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

14.     **Forfeiture.**  The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the following firearm(s) and associated accessories and ammunition:  Shadow System Model MR-920, bearing serial number SSC025451.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal, or administrative proceedings, waives any deadline

or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

15.    **Waivers of Appeal and Collateral Attack.**  The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence, except the government may appeal the substantive reasonableness of a term of imprisonment below 90 months' imprisonment.

16.    **FOIA Requests.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

17. **Complete Agreement.** This, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

ANDREW M. LUGER
United States Attorney

Date: September 20, 2022

BY: _Lauren O. Roso_
Lauren O. Roso
Assistant United States Attorney

Date: 9/20/22

_Shamir B._
Shamir Nathann Black
Defendant

Date: 9/20/2022

Ian Birrell, Esq.
Counsel for Defendant

12