UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

                Plaintiff,

    v.

Shamir Nathann Black,

                Defendant.

Case No. 22-cr-0159 (WMW/TNL)

**PRELIMINARY ORDER
OF FORFEITURE**

---

Before the Court is the unopposed motion of Plaintiff United States of America for a preliminary order of forfeiture.  (Dkt. 30.)  The Court finds that the property at issue is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c), and that the United States has established the requisite nexus between such property and the offense of which Defendant Shamir Nathann Black has been found guilty.

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1.      Plaintiff United States of America's motion for a preliminary order of forfeiture, (Dkt. 30), is **GRANTED**.

2.      Defendant Shamir Nathann Black shall forfeit to the United States a Shadow System Model MR-920, bearing serial number SSC025451, and any associated accessories and ammunition (the Property) pursuant to 18 U.S.C. § 924(d)(1), in conjunction with 28 U.S.C. § 2461(c).

3.      The United States Attorney General or an authorized designee may seize and maintain custody and control of the Property pending the entry of a final order of forfeiture.

4.      Pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C. § 2461(c), the United States shall publish and give notice of this Order and the intent of the United States to dispose of the Property in such manner as the Attorney General may direct.

5.      This Order shall become final at the time of sentencing, made part of the sentence and included in the judgment.  Fed. R. Crim. P. 32.2(b)(4)(A), (B).

6.      Following the Court's disposition of any petitions filed pursuant to 21 U.S.C. § 853(n)(2) or, if no petitions are filed, following the expiration of the time period established to file such petitions, the United States shall have clear title to the Property and may warrant good title to any subsequent purchaser or transferee.

7.      This Court shall retain jurisdiction to enforce this Order and to amend it as necessary.  Fed. R. Crim. P. 32.2(e).


Dated:  December 2, 2022                                    s/Wilhelmina M. Wright
                                                           Wilhelmina M. Wright
                                                           United States District Judge